IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANDON RINIER,                       )
                                     )
      Plaintiff,                     )
                                     )
  -vs-                               )    Civil Action No. 17-125
                                     )
NANCY A. BERRYHILL,[1]               )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
      Defendant.                     )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Landon Rinier ("Rinier") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying his claim for a period of disability and disability insurance benefits ("DIB"). He alleges a disability beginning on April 25, 2009. (R. 11) Following a hearing before an ALJ, during which time both Rinier and a vocational expert ("VE") testified, the ALJ denied his claim. Rinier appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [11] and [13].

### Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when

2

evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The ALJ's Analysis</u>

At Step One, the ALJ found that Rinier had not engaged in substantial gainful activity during the period from his alleged onset date of April 25, 2009 through his date last insured of December 31, 2014. (R. 13) At Step Two, the ALJ concluded that Rinier has the following severe impairments: degenerative disc disease, fibromyalgia; arthritis; obesity; and depression. (R. 13-14) The ALJ referenced some other conditions such as

carpal tunnel syndrome and migraines, but found that they did not constitute "severe impairments." (R. 13-14).

At Step Three, the ALJ concluded that Rinier does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listings 1.00 (musculoskeletal system) and 12.00 (mental impairments).

Prior to engaging in Step Four, the ALJ assessed Rinier's residual functional capacity ("RFC").[2] The ALJ found Rinier able to perform a range of sedentary work, with some restrictions. (R. 15-21)

At Step Four, the ALJ determined that Rinier was unable to perform any past relevant work. (R. 21) Specifically, the ALJ found that his past relevant work as a warehouse supervisor and a material handler were inconsistent with his RFC. (R. 21) Finally, at Step Five, the ALJ found that, considering Rinier's age, education, work experience, and RFC, there are significant numbers of jobs in the national economy that Rinier can perform. (R. 21-23) For instance, the ALJ explained that Rinier would be able to perform the requirements of representative occupations such as an office helper / information clerk, a bench assembler, and a packer / sorter. (R. 22).

3. Carpal Tunnel Syndrome

Rinier argues that the ALJ failed to properly apply the *de minimis* standard applicable to the Step Two analysis when evaluating his carpal tunnel syndrome. "The

---

[2] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

4

two-step inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r. of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Even so, "[w]hen an ALJ finds that a claimant has at least one severe impairment, omission of another at step two may be harmless error as long as the impairment is considered regarding the RFC or would not affect the outcome of the case." *Torres v. Comm'r. of Soc. Sec.*, Civ. No. 17-843, 2018 WL 1251630, * 5 (D. N.J. March 12, 2018), *citing, Salles v. Comm'r. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff's] favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless."); *Rutherford v. Barnhart*, 399 F.3d 546, 552-53 (3d Cir. 2005).

Having reviewed the record, I am satisfied that the ALJ conducted a thorough analysis of all of Rinier's impairments at Step Two. (R. 13-14) She explained why she found Rinier's degenerative disc disease, fibromyalgia, arthritis, obesity, and depression to be severe impairments at this stage, and why carpal tunnel syndrome, among other impairments, was not. For instance, the ALJ referenced an October 2013 report from Dr. Lukacs in which he noted that Rinier's handgrips were "okay"; a February 2014 report indicating that Rinier had the capacity to reach, handle, finger and feel occasionally bilaterally; a November 2014 examination during which Tinel's signs were negative and Rinier's handgrip was "fair"; and a report in April of 2016 – approximately 16 months *after* the date last insured – which described Rinier's use of his hands as "fairly good." (R. 14)

5

Even if I were to find that the ALJ erred in this regard, any error would be harmless. As stated above, the ALJ found other impairments to be severe and the analysis continued beyond the second step. As such, there is no basis for remand.

4. Residual Functional Capacity

A claimant's RFC consists of "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001), *quoting, Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). As stated earlier, the assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The responsibility for deciding a claimant's RFC rests solely with the ALJ. *Id.* In making an RFC assessment, the "ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." *Noah v. Astrue*, Civ. No. 12-091, 2013 WL 364235, at * 2 (W.D. Pa. Jan. 30, 2013), *citing, Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999). Rinier contends that the RFC does not account for the limiting effects of his arthritis. Specifically, he urges that, despite "evidence establishing significant limitations of the upper extremities due to arthritis, the ALJ included no manipulative limitations in her RFC finding, and perhaps even more critically, she did not explain their exclusion." *See* ECF Docket No. 12, p. 6.

The question before me is not whether substantial evidence supports Rinier's position. Rather, my review here is limited to a determination of whether or not the ALJ's determination is supported by substantial evidence of record and whether the ALJ has

sufficiently explained her decision. I am not permitted to re-weigh the evidence. *See Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). *See also, Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (observing that, "[n]either the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") After careful consideration, I find that, consistent with the regulations and with agency policy, the ALJ formulated an RFC based upon the relevant evidence and that the RFC addresses Rinier's impairment-related functions. Moreover, the ALJ's findings are supported by substantial evidence of record.

For instance, in terms of manipulative limitations, the ALJ explained why she found that Rinier's carpal tunnel syndrome did not constitute a "severe impairment." Again, this finding is supported by substantial evidence of record. Further, the ALJ explained why she accorded Dr. Lukacs' opinions only partial weight. (R. 19) Significantly, Lukacs' June 2015 and April 2016 assessments, in which he opined that Rinier had manipulative limitations, were both inconsistent with objective evidence and were not completed during the relevant period of time. (R. 19) The ALJ also discussed the medical records relating to treatment with Dr. Burwell, Dr. Osgood, Dr. Kivitz, Dr. Gregg, and the opinions of the state agency physicians. Additionally, the ALJ found Rinier's statements concerning the intensity, persistence, and limiting effects of his impairments to be "not entirely consistent with the medical evidence and other evidence in the record…." (R. 20) Consequently, I find no basis for remand.

### 5. Credibility

Rinier also challenges the ALJ's credibility analysis. It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. *See Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. Thus, the ALJ will consider evidence from treating, examining, and consulting physicians, observations from agency employees, and other factors such as type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. *See Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014).

In this case, I find that the ALJ followed the proper method to determine Rinier's credibility. As laid out in her decision, the ALJ considered the factors set forth above. (R. 16-21) The ALJ referenced the medical records, detailed above, which were at odds with a claim of disabling impairments. (R. 16-20) The ALJ also noted that Rinier has not followed medical advice. (R. 20) For instance, Rinier "has not lost weight, or even expressed a lot of interest in losing weight, as recommended by Drs. Osgood and

Lukacs to lessen his back pain, as well as to improve his body mechanics." (R. 20) Additionally, Rinier continues to smoke, "despite the additional damage it causes to the spinal system." (R. 20) The ALJ also observed that Rinier's wide range of activities belie his claim of disability. (R. 20) The ALJ concluded that "[s]urely, if [Rinier] is able to do all of these activities,[3] he should be able to do some work-related activities on a regular and sustained basis." (R. 20)

Rinier does not challenge the ALJ's findings in this regard. Instead, he urges that the ALJ's assessment is defective because she allegedly failed to consider Rinier's "stellar work history." Certainly, "when the claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility." *Schreibeis v. Comm'r. of Soc. Sec.*, Civ. No. 10-1025, 2012 WL 11101, * 1 n. 1 (W.D. Pa. Jan. 3, 2012) *See also, Patton v. Astrue*, Civ. No. 8-205J, 2009 WL 2876715, * 3 (W.D. Pa. Sept. 8, 2009) (stating, "[i]t is true that the testimony of a claimant with a long, productive work history will be given substantial credibility concerning her work-related limitations, assuming those limitations are also supported by competent medical evidence.") However, work history alone is not dispositive of credibility. *Thompson v. Astrue*, Civ. No. 9-319, 2010 WL 3661530, * 4 (W.D. Pa. Sept. 20, 2010). A claimant's work history is just "one of many factors the ALJ considers in assessing an individual's subjective complaints … the ALJ is not required to equate a long work history with credibility." *Patton,* 2009 WL 2876715, at * 3.  As other judges in this district have noted, the cases in which the Third Circuit concluded that the ALJ should have considered a long work history as affording substantial credibility - *e.g.,*

---

[3] The ALJ was referencing activities such as paintball, attending auctions and flea markets, and performing household chores and doing home repairs. (R. 20)

*Dobrowsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979) – involved claimants whose subjective symptoms were supported by evidence of record. 'The fact alone that a claimant has a long work history does not require a remand, particularly when medical evidence does not support a claimant's testimony of the extent of her limitations.'" *Cox v. Colvin*, Civ. No. 15-1768, 2017 WL 2772299, * 8 (E.D. Pa. Jan. 31, 2017), *quoting, Salazar v. Colvin*, 2014 WL 6633217, * 7 (E.D. Pa. November 24, 2017).

The ALJ clearly was aware of Rinier's work history. She acknowledged that Rinier worked enough to "have acquired sufficient quarters of coverage to remain insured through December 31, 2014." (R. 11) Additionally, the ALJ referenced Rinier's inability to perform his past relevant work at Step Four of the analysis. (R. 21) The ALJ specifically referenced Rinier's past work as a warehouse supervisor and a material handler. (R. 21) Additionally, during the hearing in this case Rinier testified as to his past work as a warehouse supervisor and the duties and responsibilities associated with that position. (R. 32-34) The vocational expert also discussed Rinier's past work over the prior 15 years. (R. 53) I am required to give substantial deference to the ALJ's credibility determination. As such, and because substantial evidence supports the ALJ's finding in this regard, I find no basis for remand on this issue.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANDON RINIER,  )
    Plaintiff,  )
    )
  -vs-  )  Civil Action No. 17-125
    )
NANCY A. BERRYHILL,[4]  )
COMMISSIONER OF SOCIAL SECURITY,  )
    )
    Defendant.  )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 11) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.